# Balkum v. Harper's Administrator.

### Bill in Equity for Injunction of Execution on Judgment.

1. *Return of execution.* — The return of an execution must be made to the clerk (Rev. Code, § 2852), and is not complete when the execution is found in the sheriff's office, after the return day, with his return indorsed on it.

2. *When equity will enjoin execution against administrator personally, on judgment against him officially.* — When an execution on a judgment or decree against an administrator, to be levied *de bonis intestatis*, has been returned "No property found," and the estate is afterwards declared insolvent, a court of equity will enjoin an execution against him personally, issued after the declaration of insolvency; and it is no defence to a bill filed for that purpose, that the insolvency of the estate was caused by the administrator's neglect to collect the solvent assets.

APPEAL from the Chancery Court of Henry.
Heard before the Hon. B. B. McCRAW.

J. A. CLENDENIN, F. M. WOOD, and J. D. ROQUEMORE, for appellant.

W. C. OATES, *contra*.

B. F. SAFFOLD, J. — The appellant prayed for the injunction of an execution *de bonis propriis*, issued on a judgment recovered by the appellee, as the administrator of the estate of John W. Harper, deceased, against him as the administrator *de bonis non* of the estate of R. J. Blanton. His ground of relief is, that before the issue of an execution *de bonis intestatis*, and its return of " No property," the estate of his decedent had been duly declared insolvent. The appellee's reply to this is, that the estate was not insolvent, except through the culpable neglect of the administrator to collect its solvent assets. In respect to this, the only property which came to the hands of the appellant was a note in suit, in which he was defeated, on the ground that the note was given in consideration of a slave purchased, and was, therefore, invalid under ordinances of the state convention of 1867. The point is also made, that the execution *de bonis intestatis* was in fact issued and returned before the decree of insolvency was rendered.

The estate of Blanton was reported insolvent on the 23d of August, 1869, and was so declared in October, 1869. The transcript recites, that the appellee's judgment was rendered on the 13th of April, 1869, and the first execution was issued May 1st, 1869, of which the sheriff made no return ; that a second execution issued December 9th, 1869, and was returned " No property found belonging to the estate of R. J. Blanton," &c., on the 28th of February, 1870. But an entry of proceedings is made, by order of the chancellor, from which it appears that the first execution above mentioned was, after the filing of the bill, found in the sheriff's office, and " his return thereon was indorsed upon the execution docket of the circuit court ; and by consent of the parties, and under the instruction of the court, the same was copied from the execution docket by the register, as evidence in this case." The return was " No property as to J. W. Balkum, administrator *de bonis non* of the estate of R. J. Blanton, deceased, August, 21, 1869."

1. The return of an execution must be made to be clerk. R. C. § 2852; *Caskey* v. *Haviland, Risley & Co.* 13 Ala. 314. And it is only on such a return that the execution *de bonis propriis* is allowed to be issued. R. C. § 2282.

2. Without further recital of the facts, it is manifest that the court erred in dismissing the bill. The probate court was the tribunal before which the objections to the insolvency of the estate ought to have been urged, and the maladministration of the appellant proved. In *McGehee* v. *Lomax*, at the January term, 1873, and *Lambert* v. *Mallett*, at June term, 1873, it was held, that the decree of insolvency prevented the issue of an execution on a judgment rendered against the administrator

before the date of the decree. In the latter case it was also held, that the personal execution might be enjoined in equity.

The decree is reversed, and a decree will be rendered in this court, in conformity with the prayer of the bill.